UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICK AND LINDA SUPPLE | * | CIVIL ACTION |
| VERSUS | * | NO: 06-8548 |
| THE VELEZ CORPORATION, ET AL | * | SECTION: "D"(3) |

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Rick and Linda Supple. Defendants, The Velez Corporation and/or Dale and Don Velez d/b/a Young's Professional Dry Cleaners, and Hanover Insurance Group, filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 20, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this Katrina-related matter, Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that their clothing and other personal property, which were being cleaned at a warehouse belonging to

Young's Professional Dry Cleaning, were destroyed when Hurricane Katrina blew the roof off the warehouse.  Plaintiffs further allege that they made a claim for their damaged property, but that this claim was denied by the Hanover Insurance Group, which allegedly provided insurance for The Velez Corporation/Young's Professional Dry Cleaners.  Plaintiffs sue, among others, The Velez Corporation and/or Dale and Don Valez d/b/a Young's Professional Dry Cleaners, and Hanover Insurance Group.

These Defendants removed the matter to this court claiming: (1) jurisdiction pursuant to the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369 (MMTJA); and (2) diversity jurisdiction.  However, as the court next discusses, the court lacks both jurisdiction under the MMTJA and diversity jurisdiction.

**(1)  No jurisdiction under the MMTJA**

The MMTJA provides in relevant part:

**§1369.  Multiparty, multiforum jurisdiction**

**(a)  In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

(1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took

>>place;
>
>(2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
>(3) substantial parts of the accident took place in different States.

28 U.S.C. §1369(a).[1]

Under 28 U.S.C. §1441(e)(1)(A),

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A) the action could have been brought in the United States district court under section 1369 of this title ....

28 U.S.C. §1441(e)(1)(A).

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4). However, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[2] Thus, the court does not have

---

[1] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

[2] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins.*

original jurisdiction under MMTJA §1369(a), and the matter was improvidently removed pursuant to 28 U.S.C. §1441(e)(1)(A).

**(2)  No diversity jurisdiction**

Plaintiffs sue The Velez Corporation and/or Dale and Don Valez d/b/a Young's Professional Dry Cleaners, and Hanover Insurance Group, for Hanover's alleged denial of their claim for property damage.  Plaintiffs specifically allege that "Hanover Insurance Group provides insurance for The Velez Corporation/Young's Professional Dry Cleaners." (Petition at ¶2(b)).  Under LSA-R.S. 22:655, Plaintiffs have a right of direct action against Hanover, and such action may be brought against "both the insured and insurer." LSA-R.S. 22:655(B)(1).  Since Plaintiffs have sued both The Velez Corporation (Hanover's insured) and Hanover, diversity is destroyed because Plaintiffs and The Velez Corporation are both allegedly Louisiana citizens.[3]

Accordingly;

**IT IS ORDERED** that Plaintiffs' "**Motion to Remand**" be and is hereby **GRANTED**;

---

*Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

[3]  The court need not decide if the amount in controversy exceeds $75,000.

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **19th** day of **December, 2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE